## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| JANET FISHER | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED TRANZACTIONS, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | / | |

### COMPLAINT

Plaintiff, JANET FISHER ("FISHER"), by and through her undersigned attorney, sues Defendant, UNITED TRANZACTIONS, LLC ("UTA"), and alleges as follows:

### INTRODUCTION

1.      This is an action for damages, declaratory and injunctive relief by Plaintiff, FISHER against UTA. This action is for damages under the Americans with Disabilities Act ("ADA"), as amended, Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and under the Florida Civil Rights Act of 1992 ("FCRA") for race and national origin discrimination, disability discrimination, and for retaliation for complaining about discrimination and filing a Charge of Discrimination.  In addition, this is an action for damages under the Family and Medical Leave Act ("FMLA") for UTA's interference with FISHER's rights and retaliation for taking protected leave.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331 and Title VII and the FMLA.  The Court's supplemental jurisdiction is invoked for the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3.     Venue properly lies in this judicial district pursuant to 28 U.S.C. §1391(b), in that the Defendant maintains offices within this judicial district, and a substantial part of the events constituting the discrimination and retaliation and interference claims have taken place within this judicial district.

## PARTIES AND EXHAUSTION OF REMEDIES

4.     FISHER is a Black female, *sui juris,* of Jamaican national origin and, at all times material to this action, was a resident of Broward County, Florida.

5.     Defendant, UTA is a Florida Limited Liability Company with its principal address at 3200 Executive Way, Miramar, Florida 33025 also in Broward County, Florida.

6.     FISHER has complied with all conditions precedent to jurisdiction under the ADA, Title VII and the FCRA in that FISHER filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") within 300 days of the unfair employment practices alleged in this Complaint; the FISHER has filed this suit within 90 days of receiving a Right to Sue notice from the EEOC; 180 days have elapsed since the Charge of Discrimination was filed with both the EEOC and the FCHR and FCHR has not issued a determination in that time period; and FISHER is filing this Complaint within the FCRA's four (4) year statute of limitations for the alleged discriminatory and retaliatory acts. Thus, all administrative prerequisites have been satisfied and this suit is timely filed. True copies of FISHER's Charge of Discrimination and Notice of Right to Sue are attached as Exhibits 1 and 2.

## GENERAL ALLEGATIONS

7.     UTA hired FISHER in 2005 as a Human Resources Coordinator.  FISHER reported to Doreen Lugo ("Lugo"), a Hispanic female, who, at the time, was the Director of Human

Resources.  In and about 2011, Lugo became the Vice President of Human Resources and then FISHER also reported to Fior Garcia-Goris, ("Garcia-Goris") a Hispanic female, who was then Human Resources Manager.

8.      During FISHER's employment, all the Human Resources staff at UTA was Hispanic with the exception of FISHER.

9.      Lugo referred to individuals in FISHER's race and national origin as "you people" on at least one occasion.  On other occasions, Lugo and Garcia-Goris demeaned FISHER's Jamaican heritage by making fun of her pronunciation and spelling of words.  FISHER had to explain to them that she was raised in Jamaica with British influence and that these were actually the correct spellings and enunciation for the words.  Lugo also sent FISHER an inappropriate email entitled "Why African Women Run Fast."  The email depicted a Black man in native attire with a phallic device over his penis making his penis enormous.

10.     FISHER received above satisfactory annual performance evaluations and pay increases up through the year ending 2009.  After 2009, and until UTA terminated her in September 2011, FISHER did not receive annual performance evaluations at all while the Hispanic employees in the Human Resources department continued to receive annual performance evaluations.

11.     In 2010, FISHER complained to Thomas Lonardo ("Lonardo"), Executive Vice President of UTA that Lugo was no longer giving her performance evaluations.

12.     On February 1, 2011, FISHER injured her ankle, unrelated to work, and was unable to walk except with crutches.  FISHER's doctor gave her a note providing leave from work until February 4, 2011 due to the injury she sustained.

13.     One of the duties that Human Resources employees, including FISHER, had was to decorate UTA's offices for various holidays. Generally, the offices were decorated approximately two weeks prior to any upcoming holiday.  Because of her injured ankle, FISHER decorated for

Valentine's Day 2011 a few days late; however, she did decorate moving about on her crutches with the assistance of other employees.

14.     On February 17, 2011, Lugo and Garcia-Goris issued FISHER a warning for various alleged performance deficiencies, none of which had been evaluated by Lugo previously, and including failing to timely decorate for Valentine's Day and for allegedly failing to help decorate the office on Sunday, October 3, 2010 several months earlier.  FISHER did show up to decorate on October 3, 2010, albeit late, but had been given a different time by Lugo and FISHER told Lugo that she had a previous engagement on October 3, 2010.  Despite the fact that Ariel Gonzalez, Edwin Robelto, Roberto Guzman, and Vanessa Vega, all Hispanic employees, did not show up at all and were not disciplined by Lugo or Garcia-Goris.

15.     FISHER believed that Lugo and Garcia-Goris were embellishing and creating issues to discipline her and to discriminate against her.  Because FISHER objectively and reasonably believed that Lugo and Garcia-Goris were discriminating against her because she was disabled at the time in February 2011 due to her ankle injury, FISHER complained about the warning to Jonathan Winer ("Winer"), UTA's in-house counsel.  Upon learning that FISHER had complained about Lugo over her head, Lugo threatened FISHER with termination.

16.     Subsequently, Lugo and Garcia-Goris began to be even more hostile and retaliatory towards FISHER.  For example, in March 2011, they asked that calls be diverted from FISHER to another Hispanic employee, Roxy Correa-Batista ("Correa-Batista").

17.     In April 2011, FISHER learned that Lugo was actually sabotaging her work product.  FISHER began keeping copies of reports she prepared and questioned Lugo on why the reports Lugo presented had been changed from the versions FISHER created.  FISHER found certificates that she had correctly prepared were altered with incorrect information.  In fact, FISHER corrected the altered certificates and printed copies for Lugo and, when she gave the copies to Lugo, Lugo

4

had a red correction marker in her hand expecting incorrect information in the certificates. However, the certificates were correct.

18.    In April 2011, FISHER was diagnosed with breast cancer.  She requested and received FMLA leave to have a mastectomy.

19.    On July 25, 2011, when FISHER returned to work from her FMLA leave, FISHER told Lugo that she would need additional FMLA leave in November 2011 for additional surgery related to her breast cancer.

20.    Immediately upon FISHER's return to work on July 25, 2011, Lugo demoted FISHER to a Human Resources Assistant and removed duties from FISHER, including the payment of UTA's insurance premiums.

21.    In addition, Lugo was markedly hostile and retaliatory toward FISHER once she returned to work from her FMLA leave.  For example, Lugo gave FISHER an assignment to research a concealed weapons policy for UTA.  When FISHER presented her research to Lugo, Lugo was hostile towards FISHER's suggested policy and instead tried to implement a policy that was not in compliance with Florida law.  When FISHER mentioned that the policy Lugo sought to use was not in compliance with Florida law, Lugo became unreasonably belligerent.

22.    Shortly thereafter, FISHER complained to Lonardo and to UTA's CEO, Martin Halpern ("Halpern") about Lugo's hostile and retaliatory treatment of her.  Lonardo suggested that FISHER apply for another position elsewhere and, although Halpern indicated a meeting would take place to discuss the issues, no meeting ever occurred.

23.    On August 8, 2011, FISHER applied for another position in UTA's Information Technology ("IT") department.  When Lugo found out that FISHER had applied for another job, Lugo told FISHER, in the presence of Garcia-Goris, that Lugo would "see to it that [FISHER] did

not get the position" and that she would talk to the Vice President of IT to ensure that FISHER was not offered the position.

24.     FISHER did not get an offer for the IT position.

25.     Shortly after Lugo's threat and learning that she did not get the IT position, FISHER filed a Charge of Discrimination with the EEOC and the FCHR on September 3, 2011.

26.     On September 6, 2011, FISHER witnessed Garcia-Goris open an envelope from the EEOC containing her Charge of Discrimination.  FISHER witnessed Garcia-Goris make a phone call, which, upon information and belief, was made to Lugo.   The next day, on September 7, 2011, FISHER witnessed Lugo, Lonardo, and Winer meeting privately and Lugo was overheard screaming in the meeting.  FISHER also noticed that her personnel file was missing from the filing cabinet on September 7, 2011.

27.     Later in the day on September 7, 2011, around 5:40 p.m., Lugo and Lonardo met with FISHER and terminated her employment.  In the meeting, Lugo alleged that their relationship had "come to a head" and that "today is your last day of employment."   Lugo and Lonardo also alleged that FISHER was being terminated because of a "reduction in force."

28.     During the termination meeting, FISHER was offered a Separation Agreement and Release.   In that Separation Agreement and Release, UTA improperly required FISHER to withdraw her Charge of Discrimination.  In relevant part, the Separation Agreement and Release contained FISHER's EEOC Charge number and states:

> Employee shall send a letter to the U.S. Equal Employment Opportunity Commission ("EEOC") withdrawing her charge(s) of employment discrimination against UTA (EEOC Charge No. 510-2011-05389) (the "Charge").

6

29.     The Separation Agreement and Release provided that FISHER would waive any claims for discrimination, retaliation and any FMLA claims.   FISHER did not execute the Separation Agreement and Release.

30.     Subsequently, on September 8, 2011, FISHER amended her Charge of Discrimination to include retaliation for filing a Charge of Discrimination against UTA.

31.     Shortly after FISHER's termination, UTA promoted Correa-Batista, a Hispanic employee, to replace FISHER.

32.     Plaintiff has satisfied all conditions precedent to bringing this action or these conditions have been waived or otherwise excused.

33.     Plaintiff has retained the undersigned attorney to represent her in this action and is obligated to pay said attorney a reasonable fee for his services.

### COUNT I
### Violation of FCRA (Disability Discrimination)

34.     This is an action for discrimination based upon disability under the FCRA with damages in excess of Fifteen Thousand Dollars ($15,000.00).

35.     Plaintiff reasserts the general allegations as set forth above in paragraphs 1-34 and incorporates the same herein by this reference.

36.     Plaintiff asserts that she was a disabled person when she was unable to walk for a period in February 2011.  Plaintiff asserts that she was a disabled person when she was diagnosed with breast cancer, treated for breast cancer and subsequently required additional surgery for breast cancer.

37.     Defendant violated the FCRA by discriminating against Plaintiff because of her disabilities on two separate occasions.  First, UTA discriminated against her for taking leave on February 1-4, 2011 as a reasonable accommodation when she was unable to walk and by

Law Offices of Dana M. Gallup, P.A. • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: (954) 894-3035 • Fax: (954) 894-8015

disciplining her when she was unable to walk due to her injured ankle.  Second, UTA discriminated against FISHER by demoting her upon her return from cancer leave on July 25, 2011, by treating her in a hostile manner due to her breast cancer and by terminating her because of her breast cancer disability.

38.     As a result of Defendant's violations of the FCRA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, JANET FISHER, prays that this Court will:

a. Order Defendant, UNITED TRANZACTIONS, LLC, to remedy the disability discrimination of Plaintiff by:

   i.   Paying appropriate back pay;

   ii.  Paying prejudgment and post-judgment interest;

   iii. Paying front pay in lieu of reinstatement;

   iv.  Paying for lost benefits including medical insurance, pension and retirement plan;

   v.   Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 760.11(5), Florida Statutes.

## COUNT II
### Violation of FCRA (Perceived Disability Discrimination)

39.     This is an action for discrimination based upon perceived disability under the FCRA with damages in excess of Fifteen Thousand Dollars ($15,000.00).

40.     Plaintiff reasserts the general allegations as set forth above in paragraphs 1-34 and incorporates the same herein by this reference.

41.     Defendant violated the FCRA by discriminating against Plaintiff because Defendant perceived that FISHER was disabled because of breast cancer. Defendant regarded Plaintiff as

8

disabled based upon Plaintiff's medical impairment, namely breast cancer, and terminated Plaintiff based upon its perception that FISHER was disabled by her medical impairment.

42.     Defendant violated the FCRA by discriminating against her by demoting her upon her return from cancer leave on July 25, 2011, by treating her in a hostile manner due to her breast cancer and by terminating her because of her breast cancer disability.

43.     As a result of Defendant's violations of the FCRA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, JANET FISHER, prays that this Court will:

a. Order Defendant, UNITED TRANZACTIONS, LLC to remedy the disability discrimination of Plaintiff by:

    i.   Paying appropriate back pay;

    ii.  Paying prejudgment and post-judgment interest;

    iii. Paying front pay in lieu of reinstatement;

    iv.  Paying for lost benefits including medical insurance, pension and retirement plan;

    v.   Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 760.11(5), Florida Statutes.

### COUNT III
### Violation of FCRA (Race Discrimination)

44.     This is an action for discrimination based upon race under the FCRA with damages in excess of Fifteen Thousand Dollars ($15,000.00).

45.     Plaintiff reasserts the general allegations as set forth above in paragraphs 1-34 and incorporates the same herein by this reference.

Law Offices of Dana M. Gallup, P.A. • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: (954) 894-3035 • Fax: (954) 894-8015

46.     Defendant violated the FCRA by discriminating against Plaintiff based upon her race by disciplining her, demoting her and terminating Plaintiff and replacing her with a non-Black person.

47.     As a result of Defendant's violations of the FCRA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, JANET FISHER, prays that this Court will:

a.  Order Defendant UNITED TRANZACTIONS, LLC to remedy the race discrimination of Plaintiff by:

    i.  Paying appropriate back pay;

    ii.  Paying prejudgment and post-judgment interest;

    iii. Paying front pay in lieu of reinstatement;

    iv. Paying for lost benefits including medical insurance, pension and retirement plan;

    v.  Providing any other relief that is appropriate.

b.  Enter an order against Defendant for compensatory damages;

c.  Enter an order against Defendant for punitive damages;

d.  Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 760.11(5), Florida Statutes.

## COUNT IV
## Violation of FCRA (National Origin Discrimination)

48.     This is an action for discrimination based upon national origin under the FCRA with damages in excess of Fifteen Thousand Dollars ($15,000.00).

49.     Plaintiff reasserts the general allegations as set forth above in paragraphs 1-34 and incorporates the same herein by this reference.

50.     Defendant violated the FCRA by discriminating against Plaintiff based upon her national origin by disciplining her, demoting her and terminating Plaintiff and replacing her with a non-Jamaican person.

Law Offices of Dana M. Gallup, P.A. • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: (954) 894-3035 • Fax: (954) 894-8015

51.     As a result of Defendant's violations of the FCRA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, JANET FISHER, prays that this Court will:

a.  Order Defendant UNITED TRANZACTIONS, LLC to remedy the national origin discrimination of Plaintiff by:

    i.   Paying appropriate back pay;

    ii.  Paying prejudgment and post-judgment interest;

    iii. Paying front pay in lieu of reinstatement;

    iv.  Paying for lost benefits including medical insurance, pension and retirement plan;

    v.   Providing any other relief that is appropriate.

b.  Enter an order against Defendant for compensatory damages;

c.  Enter an order against Defendant for punitive damages;

d.  Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 760.11(5), Florida Statutes.

### COUNT V
### Violation of FCRA (Retaliation)

52.     This is an action for retaliation under the FCRA with damages in excess of Fifteen Thousand Dollars ($15,000.00).

53.     Plaintiff reasserts the general allegations as set forth above in paragraphs 1-34 and incorporates the same herein by this reference.

54.     Defendant violated the FCRA when Lugo threatened to terminate Plaintiff after Plaintiff complained to Winer that she felt Lugo was disciplining her for being disabled in February 2011 after injuring her ankle; and when Lugo continued to retaliate against Plaintiff subsequent to Plaintiff's protected complaint to Winer by demoting her, thwarting her application for another position in IT, sabotaging FISHER's work product, and ultimately terminating her employment on September 7, 2011.

Law Offices of Dana M. Gallup, P.A. • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: (954) 894-3035 • Fax: (954) 894-8015

55.     Defendant also violated the FCRA by retaliating against Plaintiff for filing a Charge of Discrimination against Defendant by terminating her employment on September 7, 2011, the day after Defendant learned that Plaintiff had filed said Charge of Discrimination against Defendant.

56.     As a result of Defendant's violations of the FCRA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, JANET FISHER, prays that this Court will:

a.  Order Defendant UNITED TRANZACTIONS, LLC to remedy the retaliation of Plaintiff by:

    i.   Paying appropriate back pay;

    ii.  Paying prejudgment and post-judgment interest;

    iii. Paying front pay in lieu of reinstatement;

    iv.  Paying for lost benefits including medical insurance, pension and retirement plan;

    v.   Providing any other relief that is appropriate.

b.  Enter an order against Defendant for compensatory damages;

c.  Enter an order against Defendant for punitive damages;

d.  Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 760.11(5), Florida Statutes.

## COUNT VI
## Violation of Title VII (Race Discrimination)

57.     This is an action for discrimination based upon race under Title VII with damages in excess of Fifteen Thousand Dollars ($15,000.00).

58.     Plaintiff reasserts the general allegations as set forth above in paragraphs 1-34 and incorporates the same herein by this reference.

59.     Defendant violated Title VII by discriminating against Plaintiff based upon her race by disciplining her, demoting her and terminating Plaintiff and replacing her with a non-Black person.

Law Offices of Dana M. Gallup, P.A. • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: (954) 894-3035 • Fax: (954) 894-8015

60.     As a result of Defendant's violations of  Title VII, Plaintiff has been damaged.

WHEREFORE, Plaintiff, JANET FISHER, prays that this Court will:

a.  Order Defendant UNITED TRANZACTIONS, LLC to remedy the race discrimination
    of Plaintiff by:

    i.   Paying appropriate back pay;

    ii.  Paying prejudgment and post-judgment interest;

    iii. Paying front pay in lieu of reinstatement;

    iv.  Paying for lost benefits including medical insurance, pension and retirement plan;

    v.   Providing any other relief that is appropriate.

b.  Enter an order against Defendant for compensatory damages;

c.  Enter an order against Defendant for punitive damages;

d.  Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Title VII.

### Count VII
### Violation of Title VII (National Origin Discrimination)

61.     This is an action for discrimination based upon national origin under Title VII with

damages in excess of Fifteen Thousand Dollars ($15,000.00).

62.     Plaintiff reasserts the general allegations as set forth above in paragraphs 1-34 and

incorporates the same herein by this reference.

63.     Defendant violated Title VII by discriminating against Plaintiff based upon her

national origin by disciplining her, demoting her and terminating Plaintiff and replacing her with a

non-Jamaican person.

64.     As a result of Defendant's violations of the Title VII, Plaintiff has been damaged.

WHEREFORE, Plaintiff, JANET FISHER, prays that this Court will:

a.  Order Defendant UNITED TRANZACTIONS, LLC to remedy the national origin
    discrimination of Plaintiff by:

13

.

     i.  Paying appropriate back pay;

     ii.  Paying prejudgment and post-judgment interest;

     iii.  Paying front pay in lieu of reinstatement;

     iv.  Paying for lost benefits including medical insurance, pension and retirement plan;

     v.  Providing any other relief that is appropriate.

b.  Enter an order against Defendant for compensatory damages;

c.  Enter an order against Defendant for punitive damages;

d.  Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Title VII.

**Count VIII**
**Violation of Title VII (Retaliation)**

65.     This is an action for retaliation under Title VII with damages in excess of Fifteen Thousand Dollars ($15,000.00).

66.     Plaintiff reasserts the general allegations as set forth above in paragraphs 1-34 and incorporates the same herein by this reference.

67.     Defendant violated the Title VII by retaliating against Plaintiff for filing a Charge of Discrimination against Defendant by terminating her employment on September 7, 2011, the day after Defendant learned that Plaintiff had filed said Charge of Discrimination against Defendant.

68.     As a result of Defendant's violations of the FCRA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, JANET FISHER, prays that this Court will:

a.  Order Defendant UNITED TRANZACTIONS, LLC to remedy the retaliation of Plaintiff by:

     i.  Paying appropriate back pay;

     ii.  Paying prejudgment and post-judgment interest;

     iii.  Paying front pay in lieu of reinstatement;

     iv.  Paying for lost benefits including medical insurance, pension and retirement plan;

Law Offices of Dana M. Gallup, P.A. • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: (954) 894-3035 • Fax: (954) 894-8015

v.   Providing any other relief that is appropriate.

b.   Enter an order against Defendant for compensatory damages;

c.   Enter an order against Defendant for punitive damages;

d.   Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Title VII.

**COUNT IX**
**Violation Of Americans With Disabilities Act (Disability Discrimination)**

69.    This is an action for disability discrimination under the ADA with damages in excess of Fifteen Thousand Dollars ($15,000.00).

70.    Plaintiff reasserts the general allegations as set forth above in paragraphs 1-34 and incorporates the same herein by this reference.

71.    Plaintiff asserts that she was a disabled person when she was unable to walk for a period in February 2011.  Plaintiff asserts that she was a disabled person when she was diagnosed with breast cancer, treated for breast cancer and subsequently required additional surgery for breast cancer.

72.    Defendant violated the ADA by discriminating against Plaintiff because of her disabilities on two separate occasions.  First, UTA discriminated against her for taking leave on February 1-4, 2011 as a reasonable accommodation when she was unable to walk, and by disciplining her when she was unable to walk due to her injured ankle.  Second, UTA discriminated against FISHER by demoting her upon her return from cancer leave on July 25, 2011, by treating her in a hostile manner due to her breast cancer and by terminating her because of her breast cancer disability.

73.    As a result of Defendant's violations of the ADA, Plaintiff has been damaged.

Law Offices of Dana M. Gallup, P.A. • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: (954) 894-3035 • Fax: (954) 894-8015

WHEREFORE, Plaintiff, JANET FISHER, prays that this Court will:

a. Order Defendant UNITED TRANZACTIONS, LLC to remedy the disability discrimination of Plaintiff by:

    i.  Paying appropriate back pay;

    ii.  Paying prejudgment and post-judgment interest;

    iii.  Paying front pay in lieu of reinstatement;

    iv.  Paying for lost benefits including medical insurance, pension and retirement plan;

    v.  Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to 42 U.S.C. § 12205.

## COUNT X
### Violation of The Americans with Disabilities Act (Perceived Disability Discrimination)

74. This is an action for discrimination based upon perceived disability under the ADA with damages in excess of Fifteen Thousand Dollars ($15,000.00).

75. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-34 and incorporates the same herein by this reference.

76. Defendant violated the ADA by discriminating against Plaintiff because Defendant perceived that FISHER was disabled because of breast cancer. Defendant regarded Plaintiff as disabled based upon Plaintiff's medical impairment, namely breast cancer, and terminated Plaintiff based upon its perception that FISHER was disabled by her medical impairment.

77. Defendant violated the ADA by retaliating against her by demoting her upon her return from cancer leave on July 25, 2011, by treating her in a hostile manner due to her breast cancer, and by terminating her because of her breast cancer disability.

Law Offices of Dana M. Gallup, P.A. • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: (954) 894-3035 • Fax: (954) 894-8015

78.     As a result of Defendant's violations of the ADA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, JANET FISHER, prays that this Court will:

a.  Order Defendant, UNITED TRANZACTIONS, LLC to remedy the disability discrimination of Plaintiff by:

   i.   Paying appropriate back pay;

   ii.  Paying prejudgment and post-judgment interest;

   iii. Paying front pay in lieu of reinstatement;

   iv.  Paying for lost benefits including medical insurance, pension and retirement plan;

   v.   Providing any other relief that is appropriate.

b.  Enter an order against Defendant for compensatory damages;

c.  Enter an order against Defendant for punitive damages;

d.  Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to 42 U.S.C. § 12205.

<u>**COUNT XI**</u>
<u>**Violation of The Americans with Disabilities Act (Retaliation)**</u>

79.     This is an action for retaliation under the ADA with damages in excess of Fifteen Thousand Dollars ($15,000.00).

80.     Plaintiff reasserts the general allegations as set forth above in paragraphs 1-34 and incorporates the same herein by this reference.

81.     Defendant violated the ADA when Lugo threatened to terminate Plaintiff after Plaintiff complained to Winer that she felt Lugo was disciplining her for being disabled in February 2011 after injuring her ankle; and when Lugo continued to retaliate against Plaintiff subsequent to Plaintiff's protected complaint to Winer by demoting her, thwarting her application for another position in IT, sabotaging FISHER's work product, and ultimately terminating her employment on September 7, 2011 for filing a Charge of Discrimination based on disability discrimination.

Law Offices of Dana M. Gallup, P.A. • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: (954) 894-3035 • Fax: (954) 894-8015

82.     As a result of Defendant's violations of the ADA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, JANET FISHER, prays that this Court will:

a.  Order Defendant, UNITED TRANZACTIONS, LLC to remedy the disability discrimination of Plaintiff by:

   i.  Paying appropriate back pay;

   ii.  Paying prejudgment and post-judgment interest;

   iii.  Paying front pay in lieu of reinstatement;

   iv.  Paying for lost benefits including medical insurance, pension and retirement plan;

   v.  Providing any other relief that is appropriate.

b.  Enter an order against Defendant for compensatory damages;

c.  Enter an order against Defendant for punitive damages;

d.  Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to 42 U.S.C. § 12205.

## COUNT XII
## Violation of FMLA (Retaliation)

83.     This is an action for retaliation under the FMLA with damages in excess of Fifteen Thousand Dollars ($15,000.00).

84.     Plaintiff reasserts the general allegations as set forth above in paragraphs 1-34 and incorporates the same herein by this reference.

85.     FISHER was an eligible employee of UTA as defined by Section 2611 (2) (A) of the FMLA when she exercised leave rights for her breast cancer.

86.     UTA was an employer pursuant to Section 2611 (4) of the FMLA when FISHER exercised leave rights for her breast cancer.

87.     FISHER suffered from a serious medical condition, namely breast cancer, which qualified her for leave time and benefits under the FMLA.

Law Offices of Dana M. Gallup, P.A. • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: (954) 894-3035 • Fax: (954) 894-8015

88.     UTA violated Section 2615 of the FMLA by retaliating against FISHER for exercising her rights under the FMLA.

89.     The fact that FISHER asserted her FMLA rights was a substantial motivating factor in UTA's decision to demote her upon her return to work on July 25, 2011; to treat her in a hostile manner upon her return to work on July 25, 2011; to thwart her application for another position in IT; and to terminate her employment.

90.     With regard to the unlawful retaliation described above, UTA acted willfully and in bad faith such that Plaintiff is entitled to liquidated damages in an amount equal to her lost wages.

91.     As a direct and proximate result of the actions of UTA, FISHER has suffered damages including lost wages, benefits and other compensation and interest thereon.

92.     Moreover, FISHER is entitled to recover liquidated damages pursuant to Section 2617 (a) (1) (A) and her attorneys' fees and court costs pursuant to Section 2617 (a) (3).

WHEREFORE, Plaintiff, JANET FISHER demands judgment against Defendant, UTA TRANZACTIONS, LLC, for compensatory damages including lost wages and benefits, liquidated damages, interest, court costs, attorneys' fees and for any and all other and further relief this Court deems just, necessary and  proper.

## COUNT XIII
## Violation of FMLA (Interference)

93.     This is an action for interference under the FMLA with damages in excess of Fifteen Thousand Dollars ($15,000.00).

94.     Plaintiff reasserts the general allegations as set forth above in paragraphs 1-34 and incorporates the same herein by this reference.

Law Offices of Dana M. Gallup, P.A. • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: (954) 894-3035 • Fax: (954) 894-8015

95.     FISHER was an eligible employee of UTA as defined by Section 2611 (2) (A) of the FMLA when she notified UTA that she would be taking additional FMLA leave in November 2011 for treatment related to her breast cancer.

96.     UTA was an employer pursuant to Section 2611 (4) of the FMLA when FISHER notified UTA that she intended to exercise leave rights for her breast cancer in November 2011.

97.     FISHER suffered from a serious medical condition, namely breast cancer, which qualified her for leave time and benefits under the FMLA.

98.     UTA violated Section 2615 of the FMLA by interfering with FISHER's rights under the FMLA, to wit UTA terminated her employment so that FISHER could not exercise her lawful right under the FMLA.

99.     With regard to the unlawful interference described above, UTA acted willfully and in bad faith such that Plaintiff is entitled to liquidated damages in an amount equal to her lost wages.

100.    As a direct and proximate result of the actions of UTA, FISHER has suffered damages including lost wages, benefits and other compensation and interest thereon.

101.    Moreover, FISHER is entitled to recover liquidated damages pursuant to Section 2617 (a) (1) (A) and her attorneys' fees and court costs pursuant to Section 2617 (a) (3).

WHEREFORE, Plaintiff, JANET FISHER demands judgment against Defendant, UNITED TRANZACTIONS, LLC, for compensatory damages including lost wages and benefits, liquidated damages, interest, court costs, attorneys' fees and for any and all other and further relief this Court deems just, necessary and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, JANET FISHER, hereby demands trial by jury on all claims triable by right of jury under state or federal law.

Law Offices of Dana M. Gallup, P.A. • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: (954) 894-3035 • Fax: (954) 894-8015

Dated this 10th day of March 2014.

Respectfully submitted,

**LAW OFFICES OF DANA M. GALLUP, P.A.**
*Counsel for Plaintiff*
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
Telephone:      (954) 894-3035 (Ext. 235)
Facsimile:      (954) 894-8015
E-mail:         dgallup@gallup-law.com

By: _____
         DANA M. GALLUP
         Florida Bar No.:  0949329